<u>**NOT FOR PUBLICATION**</u>

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| RONALD SATISH EMRIT,<br><br>*Plaintiff,*<br><br>v.<br><br>SEAN "P. DIDDY" COMBS et al.,<br><br>*Defendants.* | Case No.: 2:24-cv-00144-JKS-JBC<br><br>**OPINION AND ORDER**<br><br>May 19, 2025 |

**SEMPER**, District Judge.

**THIS MATTER** is before this Court upon frequent *pro se* litigator Plaintiff Ronald Satish Emrit's ("Plaintiff") filing of a Complaint and an application to proceed *in forma pauperis* ("IFP application"). (ECF 1-2.)[1] This Court *sua sponte* reviewed the Complaint for sufficiency pursuant to 28 U.S.C. § 1915(e)(2)(B); and

**WHEREAS** a district court may allow a plaintiff to commence a civil action without paying the filing fee—that is, *in forma pauperis*—so long as the plaintiff submits an affidavit demonstrating he or she is "unable to pay such fees," but must dismiss a case that is "frivolous or malicious," "fails to state a claim upon which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(a)(1), (e)(2)(B); *see Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021); and

**WHEREAS** having reviewed Plaintiff's application, the Court finds leave to proceed *in forma pauperis* is warranted, and the application is **GRANTED**; and

---

[1] Plaintiff also filed as an attachment to the Complaint an I-589 Application for Asylum and for Withholding of Removal (ECF 1-3), which is irrelevant to the claims in the Complaint and appears to have been included accidentally.

1

**WHEREAS** Emrit names as Defendants Sean "P. Diddy" Combs, Bad Boy Entertainment, and Atlantic Records (ECF 1, "Compl.," at 1), and brings claims for public nuisance, tortious interference, and products liability. (Compl. ¶¶ 26-31); and

**WHEREAS** Emrit's "public nuisance" claim is based on Combs' billboards for Ciroc vodka, which Emrit alleges are "an 'eye sore' and public nuisance given his newfound status as a sexual predator who has committed the crimes of pimping and pandering, human trafficking, kidnapping, false imprisonment, and white slavery . . . ." (*Id.* ¶¶ 26-28.) The tortious interference claim is based on the named Defendants' actions allegedly enabling Combs, a "sexual predator," "to conduct business in places of public accommodation such as billboards." (*Id.* ¶¶ 28-29.) Finally, in support of the products liability claim, Emrit asserts that Defendants allowed Combs "to represent Ciroc vodka and Sean John at department stores like Macy's." (*Id.* ¶¶ 29-31.) Emrit alleges that he may assert his claims since "he is a consumer of music and music videos" and sees "annoying billboards" for Ciroc vodka while driving, which "encourages [sic] drunk driving . . . ." (*Id.* ¶ 31); and

**WHEREAS** Emrit asserts he has standing to bring suit "as a concerned American who wants to prevent an Al Capone or Pablo Escobar-like figure from having ant [sic] influence over the music business or recording artists...." (*Id.* at 8.) Emrit seeks $45 million in damages and an order putting Bad Boy Entertainment into bankruptcy or receivership proceedings. (*Id.* at 7-8); and

**WHEREAS** Emrit invokes the Court's subject matter jurisdiction based on diversity of citizenship, although he does not provide any allegations about the citizenship of the named Defendants, and also asserts federal question jurisdiction "because this proceeding involves a discussion of Title VII of the Civil Rights Act of 1964, Americans with Disabilities Act of 1990,

Equal Protection Clause, Due Process Clause, Fourth Amendment, and Privileges and Immunities Clause." (*Id.* ¶¶ 15-19.); and

**WHEREAS** Emrit filed an application to proceed in forma pauperis in this case on January 5, 2024. (See ECF No. 1.) On February 14, 2024, Emrit filed a notice of appeal, although the Court had not yet issued a decision. (ECF 4.) On March 21, 2024, the Third Circuit dismissed the appeal for failure to prosecute (ECF 6); and

**WHEREAS** a review of publicly available records reveals that Emrit has filed numerous identical complaints in district courts around the country, all of which have dismissed the complaint. *See, e.g., Emrit v. Combs*, No. 24-30, 2024 WL 586751, at *4 (W.D.N.Y. Jan. 11, 2024); *Emrit v. Combs*, No. 24-00213, 2024 WL 168331, at *2 (E.D.N.Y. Jan. 16, 2024); *Emrit v. Combs*, No. 24-0129, 2024 WL 199548, at *5 (E.D. Pa. Jan. 18, 2024); *Emrit v. Combs*, No. 24-00005, 2024 WL 945316, at *2 (W.D. Va. Mar. 5, 2024), *aff'd*, 2024 WL 2575522 (4th Cir. May 24, 2024); *Emrit v. Combs*, No. 24-5056, 2024 WL 1651282, at *3 (W.D. Ark. Apr. 1, 2024), *report and recommendation adopted*, 2024 WL 1644462 (W.D. Ark. Apr. 16, 2024); *Emrit v. Combs*, No. 24-007, 2024 WL 1511952, at *2 (N.D. Fla. Feb. 1, 2024), *report and recommendation adopted*, No. 24-7, 2024 WL 1585933 (N.D. Fla. Apr. 11, 2024); *Emrit v. Combs*, No. 24-372, 2024 WL 5466073, at *2 (E.D. La. June 10, 2024); and

**WHEREAS** a case under 28 U.S.C. § 1915(e)(2)(B)(i) is frivolous if it "lacks an arguable basis either in law or fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989); and

**WHEREAS** under the doctrine of *res judicata,* "a question of fact or of law distinctly put in issue and directly determined . . . cannot afterwards be disputed between the same parties." *McMillian v. Trans World Airlines Inc.*, 331 F. App'x 103, 103–04 (3d Cir. 2009) (quoting *Anselmo v. Hardin,* 253 F.2d 165, 168 (3d Cir. 1958)). The elements required for the application

3

of *res judicata* are: "(1) a final judgment on the merits in a prior suit involving (2) the same parties or their privies and (3) a subsequent suit based on the same cause of action." *Marmon Coal Co. v. Dir., Office Workers' Compensation Programs*, 726 F.3d 387, 394 (3d Cir. 2013) (quoting *Duhaney v. Att'y Gen.*, 621 F.3d 340, 347 (3d Cir. 2010)); and

**WHEREAS** "[a] dismissal under the *in forma pauperis* statute . . . qualifies as an adjudication on the merits carrying preclusive effect for purposes of any future *in forma pauperis* actions raising the same claim." *Gimenez v. Morgan Stanley DW, Inc.*, 202 F. App'x 583, 584 (3d Cir. 2006) (citing *Cieszkowska v. Gray Line New York*, 295 F.3d 204, 205–06 (2d Cir. 2002)); and

**WHEREAS** Emrit's claims in this lawsuit are barred by *res judicata*. Emrit filed an identical complaint *in forma pauperis* in multiple other district courts (*see supra*), including the Eastern District of Pennsylvania; that case was dismissed on January 18, 2024.[2] *Emrit*, 2024 WL 199548, at *5. The Third Circuit affirmed the dismissal on May 31, 2024. *See Emrit v. Combs*, No. 24-1269, 2024 WL 2794454 (3d Cir. May 31, 2024). Emrit cannot relitigate the same claims pursuant to *res judicata*.[3] As such, this complaint "lacks an arguable basis [ ] in law" and is therefore frivolous. *Neitzke,* 490 U.S. at 325; and

**WHEREAS** the Court will dismiss the Complaint with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) because this action is barred by *res judicata*. Leave to amend will not be given because an amendment would be futile under the circumstances of this case and related cases. *See Russomanno v. Dugan*, No. 20-12336, 2021 WL 1748135, at *6 (D.N.J. May 4, 2021),

---

[2] Although Emrit filed this complaint before he filed the identical complaint in the Eastern District of Pennsylvania and a number of other district courts, res judicata is still applicable here. *See Shaikh v. Akrush*, No. 19-20597, 2024 WL 112530, at *2 (D.N.J. Jan. 10, 2024) (citing *Murphy v. Landsburg*, 490 F.2d 319, 323 (3d Cir. 1973)) ("A final judgment may have res judicata preclusive effect against in an earlier-filed case, so long as the later-filed case received a final decision on the merits first.").

[3] "While a dismissal under the IFP statute does not bar future litigation over the merits of a paid complaint making the same allegations as the dismissed complaint, a dismissal under the IFP statute has res judicata effect on frivolousness determinations for future IFP petitions." *Gimenez*, 202 F. App'x at 584 (citing *Waller v. Groose*, 38 F.3d 1007, 1008 (8th Cir. 1994)).

4

*aff'd*, No. 21-2004, 2021 WL 4075790 (3d Cir. Sept. 8, 2021). Further, The Court certifies that, pursuant to 28 U.S.C. § 1915(a)(3), any *in forma pauperis* appeal from this order would not be taken in good faith. Therefore, Plaintiff's *in forma pauperis* status is denied for the purpose of an appeal. *See* 28 U.S.C. 1915(a)(3); *Emrit*, 2024 WL 168331, at *3, *appeal dismissed*, No. 24-406, 2024 WL 3858937 (2d Cir. July 26, 2024) (citing *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962)).

**IT IS** on this 19th day of May 2025,

**ORDERED** that Plaintiff's application to proceed *in forma pauperis* is hereby **GRANTED**; and it is further

**ORDERED** that Plaintiff's *in forma pauperis* status is **DENIED** for the purpose of an appeal of this Opinion and Order; and it is further

**ORDERED** that Plaintiff's Complaint is **DISMISSED** with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(i); and it is further

**ORDERED** that the Clerk of the Court is directed to mail a copy of this Opinion and Order to Plaintiff by certified mail; and it is further

**ORDERED** that the Clerk of the Court shall **CLOSE** this matter.

*/s/ Jamel K. Semper*
**HON. JAMEL K. SEMPER**
**United States District Judge**

Orig:  Clerk
cc:    James B. Clark, U.S.M.J.
       Parties